**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OZINGA BROS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 22-2955** |
| **INTERCOASTAL REPAIR SERVICE, INC.** | **SECTION: "G"(4)** |

**ORDER**

Before the Court is Defendant Intercoastal Repair Service, Inc.'s ("Defendant") "Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6)."[1] Plaintiff Ozinga Bros, Inc. ("Plaintiff") filed a complaint on August 26, 2022, alleging damages resulting from the loss of three Caterpillar wheeled loaders in Defendant's possession when Defendant's barge capsized during Hurricane Ida.[2] On October 4, 2022, Defendant filed the instant motion, asserting that the Court should dismiss Plaintiff's claims because Plaintiff lacks standing to bring the instant action.[3] Defendant argues that Plaintiff improperly names Defendant and had no contractual relationship with Defendant for any services related to the transport of the three Caterpillar wheeled loaders.[4] Therefore, Defendant concludes that Plaintiff is not entitled to bring this lawsuit.[5]

On October 11, Plaintiff filed a "Motion to Amend Complaint,"[6] requesting leave to amend the Complaint "to correct the name of [Defendant] and include the other parties that Defendant

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 1 at 1, 3.

[3] Rec. Doc. 6-1 at 5.

[4] *Id*. at 1.

[5] *Id.* at 5.

[6] Rec. Doc. 7.

contends are the proper parties in relation to the asserted claims."[7] On October 13, the Court granted Plaintiff leave to file an amended complaint[8] and Plaintiff filed the Amended Complaint.[9]

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[10] Many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[11] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[12]

The pending motion to dismiss asserts that Plaintiff does not have standing to bring its claims because Plaintiff has named a party with whom it did not have a contractual relationship.

---

[7] Rec. Doc. 7-1 at 1.

[8] Rec. Doc. 8.

[9] Rec. Doc. 9.

[10] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[11] *See Athletic Training Innovations, LLC v. eTagz, inc.,* No. 12-2540, 2013 WL 360570, at *3 (E.D. La2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co*., 2007 WL 2713731, at *1 (W.D. Mich. 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

[12] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

Plaintiff has filed an amended complaint to name the correct defendants. Therefore, the Court concludes that applying the pending motion to the Amended Complaint would cause confusion and detract from the efficient resolution of the issues.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Intercoastal Repair Service, Inc.'s "Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6)"[13] is **MOOT**.

**NEW ORLEANS, LOUISIANA**, this __17th__ day of October, 2022.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[13] Rec. Doc. 6.